IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELECTRONIC PRIVACY INFORMATION CENTER )
1718 Connecticut Avenue, N.W. )
Suite 200 )
Washington, DC 20009, )
 )
      Plaintiff, )
 )
 v. )
 )
TRANSPORTATION SECURITY ADMINISTRATION )   Civil Action
400 Seventh Street, S.W. )
Washington, DC 20590, )
 )
  and )
 )
DEPARTMENT OF HOMELAND SECURITY )
Washington, DC 20528, )
 )
      Defendants. )
)

## COMPLAINT FOR INJUNCTIVE RELIEF

    1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, for injunctive and other appropriate relief, and seeking the expedited processing and release of agency records requested by plaintiff from defendant Transportation Security Administration.

### Jurisdiction and Venue

    2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii).  This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and   5 U.S.C. §§ 701-706.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### Parties

    3. Plaintiff Electronic Privacy Information Center ("EPIC") is a public interest research organization incorporated as a not-for-profit corporation in Washington, DC.  EPIC's activities

include the review of federal law enforcement activities and policies to determine their possible impacts on civil liberties and privacy interests. Among its other activities, EPIC publishes books, reports and a bi-weekly electronic newsletter. EPIC also maintains a heavily-visited site on the World Wide Web (www.epic.org) containing extensive information on privacy issues, including information EPIC has obtained from federal agencies under the FOIA.

     4. Defendant Transportation Security Administration ("TSA") is a component of defendant Department of Homeland Security. TSA is an agency within the meaning of 5 U.S.C. § 552(f).

     5. Defendant Department of Homeland Security ("DHS") is a Department of the Executive Branch of the United States Government. DHS is an agency within the meaning of 5 U.S.C. § 552(f).

## TSA and the Enhanced Computer Assisted Passenger Prescreening System ("CAPPS II")

     6. On November 19, 2001, the President signed the Aviation and Transportation Security Act ("ATSA"), Pub. L. No. 107-71. The ATSA created TSA within the Department of Transportation and, *inter alia*, transferred to TSA the duties and responsibilities set forth in Chapter 449 of Title 49, United States Code, relating to civil aviation security. Those duties and responsibilities include "screening of all passengers." 49 U.S.C. § 44901 (2003).

     7. On November 25, 2002, the President signed the Homeland Security Act ("HSA"), Pub. L. No. 107-296. The HSA created DHS and, *inter alia*, transferred the functions of TSA to DHS. 6 U.S.C. § 203 (2003).

     8. As part of its responsibilities relating to the screening of airline passengers, TSA has been engaged in the development of what it describes as "the next generation of the Computer Assisted Passenger Prescreening System (CAPPS II)." In a press release titled "TSA's CAPPS II Gives Equal Weight to Privacy, Security," and issued on March 11, 2003, TSA described CAPPS

2

II as "an enhanced system to confirm the identities of passengers and to identify foreign terrorists or persons with terrorist connections before they can board U.S. aircraft." TSA's administrator, Admiral James M. Loy, stated in the press release that TSA "will accomplish this without compromising the privacy and civil liberties enjoyed by every American," and that "[t]he privacy rights of all passengers will be honored."

9. In January 2003, defendant TSA published a Privacy Act Notice in the Federal Register announcing its intent to establish a system of records to support the development of CAPPS II. Privacy Act Notice, 68 Fed. Reg. 2101 (January 15, 2003). The public responded with "well over 200 comments," according to defendant TSA, which "generally expressed concern that the proposed CAPPS II system was too broad in scope and would prove invasive to passengers' privacy." Interim Final Notice, 68 Fed. Reg. 45265, 45267 (August 1, 2003). TSA accordingly made "significant changes" to its formulation of CAPPS II and published a second Privacy Act Notice on August 1, 2003. Public comments on that notice are due no later than September 30, 2003. *Id*. at 45265.

**Plaintiff's FOIA Request and Request for Expedited Processing**

10. On August 22, 2003, plaintiff wrote to defendant TSA and requested under the FOIA:

> any "Capital Asset Plan and Business Case" materials (Exhibit 300) submitted to the Office of Management and Budget; and
>
> any "Privacy Impact Assessments" prepared for the CAPPS II project.

11. Plaintiff requested expedited processing of its request and explained the urgency of disseminating information about CAPPS II to the public. Plaintiff's counsel stated:

> The government activity at issue here -- creating an airline passenger pre-screening system -- implicates serious privacy and security issues that have received

3

considerable news media attention in recent months.  TSA has previously recognized that EPIC's FOIA requests for information concerning CAPPS II warrant expedited processing, and I incorporate by reference herein the material I provided to your office in my letter of March 10, 2003, relating to the public interest in such information.

12. The March 10, 2003, letter that plaintiff referenced noted, *inter alia*, that "[a] search in the Lexis–Nexis news database for articles on 'CAPPS II' for the past 15 days returns 41 results" and that Admiral Loy had stated in a press release that "CAPPS II is being designed to serve our national security without sacrificing individual privacy" and that "[c]oncerns about privacy are understandable."

13. Plaintiff specifically noted the pendency of a public comment period on TSA's Privacy Act Notice for CAPPS II and cited it as an additional basis for expedition.

14. In support of its assertion that it is "primarily engaged in disseminating information" within the meaning of the FOIA and DHS regulations, plaintiff addressed its news collection and dissemination activities:

> EPIC is a non-profit, educational organization that routinely and systematically disseminates information to the public.  This is accomplished through several means.  First, EPIC maintains a heavily visited Web site (www.epic.org) that highlights the "latest news" concerning privacy and civil liberties issues.  The site also features scanned images of documents EPIC obtains under the FOIA.  Second, EPIC publishes a bi-weekly electronic newsletter that is distributed to over 15,000 readers, many of whom report on technology issues for major news outlets.  The newsletter reports on relevant policy developments of a timely nature (hence the bi-weekly publication schedule).  It has been published continuously since 1996, and an archive of past issues is available at our Web site.  Finally, EPIC publishes and distributes printed books that address a broad range of privacy, civil liberties and technology issues.  A list of EPIC publications is available at our Web site.

15. Plaintiff noted that "the U.S. District Court for the District of Columbia has held that EPIC is a 'news media' requester under the FOIA." (Citing *Electronic Privacy Information Center v. Department of Defense*, 241 F. Supp. 2d 5 (D.D.C. 2003)).

### Defendant TSA's Failure to Respond and Plaintiff's
### Entitlement to Expedited Processing

16. By letter dated August 22, 2003, defendant TSA acknowledged receipt of plaintiff's FOIA request but did not address plaintiff's explicit request for expedited processing.

17. To date, defendants have not responded to plaintiff's request for expedited processing of its FOIA request.  Plaintiff has exhausted the applicable administrative remedies.

18. Plaintiff is entitled to expedited processing of its FOIA request under the standards contained in defendant DHS's regulations.

19. Defendants have wrongfully withheld the requested records from plaintiff.

### CAUSES OF ACTION

### First Cause of Action:

### Violation of the Freedom of Information Act for
### Failure to Timely Respond to Request for Expedited Processing

20. Plaintiff repeats and realleges paragraphs 1-19.

21. Defendants' failure to timely respond to plaintiff's request for expedited processing violates the FOIA, 5 U.S.C. § 552(a)(6)(E)(ii), and defendant DHS's own regulation promulgated thereunder, 6 CFR § 5.5(d)(4).

### Second Cause of Action:

### Violation of the Administrative Procedure Act for
### Failure to Timely Respond to Request for Expedited Processing

22. Plaintiff repeats and realleges paragraphs 1-19.

23. Defendants' failure to timely respond to plaintiff's request for expedited processing constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the APA.  Defendants' failure to timely respond is arbitrary, capricious, an abuse of discretion, not in accordance with law and without observance of procedure required by law, all in violation of the APA.

### Third Cause of Action:

### Violation of the Freedom of Information Act for
### Failure to Grant Request for Expedited Processing

24. Plaintiff repeats and realleges paragraphs 1-19.

25. Defendants' failure to grant plaintiff's request for expedited processing violates the FOIA, 5 U.S.C. § 552(a)(6) (E)(i), and defendant DHS's own regulation promulgated thereunder, 6 CFR § 5.5(d).

### Fourth Cause of Action:

### Violation of the Administrative Procedure Act for
### Failure to Grant Request for Expedited Processing

26. Plaintiff repeats and realleges paragraphs 1-19.

27. Defendants' failure to grant plaintiff's request for expedited processing is arbitrary, capricious, an abuse of discretion, not in accordance with law and without observance of procedure required by law, all in violation of the APA.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. order defendants immediately to process the requested records in their entirety;

B. order defendants, upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to plaintiff;

C. provide for expeditious proceedings in this action;

D. award plaintiff its costs and reasonable attorneys fees incurred in this action; and

E. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
DAVID L. SOBEL
D.C. Bar No. 360418

MARC ROTENBERG
D.C. Bar. No. 422825

MARCIA HOFMANN
D.C. Bar admission pending

ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, DC  20009
(202) 483-1140

Counsel for Plaintiff